**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SUNEDISON, INC., et al.,<br><br>　　　　　Reorganized Debtors.<br>-------------------------------------------------------------<br>SUNEDISON LITIGATION TRUST,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>EYNON MANAGEMENT, INC., (DBA EYNON WEED CONTROL)<br><br>　　　　　Defendant. | Chapter 11<br><br>Case No: 16-10992 (SMB)<br><br>Adversary Proceeding No. 18-01066-SMB |

**EYNON MANAGEMENT, INC., (DBA EYNON WEED CONTROL)
ANSWER AND AFFIRMATIVE DEFENSES**

Eynon Management, Inc., (DBA Eynon Weed Control) (the "Defendant"), by and through undersigned counsel, submits this Answer to the Complaint of the SunEdison Litigation Trust (the "Plaintiff") of SunEdison, Inc., et al. filed on April 3, 2018 (the "Complaint"), and states and alleges as follows:

**NATURE OF THE CASE**

1.　　Paragraph 1 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, the Defendant denies that the Plaintiff is entitled to the relief requested.

**JURISDICTION AND VENUE**

2.　　In response to paragraph 2 of the Complaint, the Defendant denies. The Complaint contains causes of action over which, pursuant to *Stern v. Marshall*, 131 S. Ct. 2594, 180 L. Ed.

1

2d 475 (2011) reh'g denied, 132 S. Ct. 56, 180 L. Ed. 2d 924 (U.S. 2011), the Court has no jurisdiction to enter a final orders or judgments over this adversary proceeding. In the event that this Court does find that it has jurisdiction, the Defendant reserves its right to a jury trial before the District Court, does not consent to a jury trial before the Bankruptcy Court and does not consent to the entry of final orders by the Bankruptcy Court.

3. Paragraph 3 of the Complaint contains statements and citations of law to which no response is required. To the extent that a response is required, the Defendant denies that the Plaintiff is entitled to the relief requested.

4. In response to paragraph 4 of the Complaint, the Defendant admits.

5. In response to paragraph 5 of the Complaint, the Defendant admits that this is a core proceeding under 11 U.S.C. §157(b)(H). However, pursuant to the case of *Stern v. Marshall*, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011) reh'g denied, 132 S. Ct. 56, 180 L. Ed. 2d 924 (U.S. 2011), this Court has no jurisdiction to enter final orders or judgments over this adversary proceeding.

## BACKGROUND

### A. The Parties

6. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 6 of the Complaint. To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

7. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 7 of the Complaint. To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

8. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 8 of the Complaint. To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

9. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 9 of the Complaint. To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

10. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 10 of the Complaint. To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

11. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 11 of the Complaint. To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

12. Paragraph 12 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, the Defendant denies that the Plaintiff is entitled to the relief requested.

**B. Events Leading to the Debtor's Financial Collapse.**

13. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 13 of the Complaint. To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

14. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 14 of the Complaint. To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

15. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 15 of the Complaint. To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

16. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 16 of the Complaint. To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

17. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 17 of the Complaint. To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

18. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 18 of the Complaint. To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

19. Paragraph 19 of the Complaint contains statements and remarks to which no response is required. To the extent that a response is required, the Defendant denies that the Plaintiff is entitled to the relief requested.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### (Avoidance and Recovery of Preferential Transfers)

20. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 19 above.

21. The Defendant admits that a document described in paragraph 21 of the Complaint is attached as Exhibit "A." Paragraph 21 of the Complaint is denied in all other respects.

22. In response to paragraph 22 of the Complaint, the Defendant denies.

23. In response to paragraph 23 of the Complaint, the Defendant denies.

24. In response to paragraph 24 of the Complaint, the Defendant denies.

25. In response to paragraph 25 of the Complaint, the Defendant denies.

26. In response to paragraph 26 of the Complaint, the Defendant denies.

27. In response to paragraph 27 of the Complaint, the Defendant denies.

28. In response to paragraph 28 of the Complaint, the Defendant denies.

29. In response to paragraph 29 of the Complaint, the Defendant denies.

## SECOND CAUSE OF ACTION
### (Avoidance and Recovery of 90-Day Fraudulent Transfers)

30. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 29 above.

31. In response to paragraph 31 of the Complaint, the Defendant denies.

32. In response to paragraph 32 of the Complaint, the Defendant denies.

33. In response to paragraph 33 of the Complaint, the Defendant denies.

## THIRD CAUSE OF ACTION
### (Avoidance and Recovery of Additional Fraudulent Transfers)

34. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 33 above.

35. The Defendant admits that a document described in paragraph 35 of the Complaint is attached as Exhibit "B." Paragraph 35 of the Complaint is denied in all other respects.

36. In response to paragraph 36 of the Complaint, the Defendant denies.

37. In response to paragraph 37 of the Complaint, the Defendant denies.

## FOURTH CAUSE OF ACTION
### (Disallowance of Claims)

38. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 37 above.

39. In response to paragraph 39 of the Complaint, the Defendant denies.

40. In response to paragraph 40 of the Complaint, the Defendant denies.

**WHEREFORE**, based upon the foregoing, the Plaintiff has no claim against the Defendant. The Defendant requests that the Court deny the Plaintiff's requests for relief and award the Defendant such other and further relief as the Court may deem just and proper, including but not limited to attorneys' fees incurred in the defense of this action.

## AFFIRMATIVE DEFENSES

41. Without conceding that the Defendant has the burden of proof on any of the issues below, the Defendant asserts the following defenses:

### FIRST AFFIRMATIVE DEFENSE

42. The Plaintiff is barred from recovering the alleged preferential transfers pursuant 11 USC 547 (the "Preferential Transfers") to the extent that the Preferential Transfers were:

   (A) in payment of a debt or debts incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and the Defendant;

   (B) made in the ordinary course of business or financial affairs of the Debtor and the Defendant, or

   (C) made according to ordinary business terms.

43. Pursuant to 11 U.S.C. 547(c)(2) such Preferential Transfers are not avoidable by the Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

44. The Plaintiff is barred from recovering to the extent that the Preferential Transfers were:

 (A) intended by the Debtor and the Defendant to or for whose benefit such Transfers were made to be a contemporaneous exchange for new value given to the Debtor; and

 (B) in fact were substantially contemporaneous exchange(s).

45. Pursuant to 11 U.S.C. 547(c)(1) such Preferential Transfers are not avoidable by the Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

46. The Plaintiff is barred from recovering to the extent that the Preferential Transfers were to or for the benefit of the Defendant, to the extent that, after such transfer, the Defendant gave new value to or for the benefit of the Debtor.

 (A) not secured by an otherwise unavoidable security interest; and

 (B) on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of the Defendant.

47. Pursuant to 11 U.S.C. 547(c)(4) such Preferential Transfers are not avoidable by the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

48. The Plaintiff is barred from recovering the alleged Preferential Transfers and Fraudulent Transfers pursuant to 11 USC 548 (collectively, the "Transfers") because at all times relevant to the matters complained of the Debtor and all subsidiaries were solvent and were not rendered insolvent or left with unreasonably small capital as a result of any transactions with the Defendant. Consequently, the Defendant's claims may not be disallowed.

### FIFTH AFFIRMATIVE DEFENSE

49. The Plaintiff is barred from recovering, in whole or in part, by the doctrines of laches, or waiver and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE

50. The Defendant denies these allegations to the extent that the Defendant has a conduit defense or earmarking defense.

### SEVENTH AFFIRMATIVE DEFENSE

51. Plaintiff's claims are barred by all applicable state and federal statutes of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

52. The claims of the Plaintiff are barred, in whole or in part, pursuant to 11 U.S.C. § 550 (b) by reason that Defendant, to the extent it took any Transfers, took the alleged transfers for value, in good faith and without knowledge of the avoidability of the alleged transfers.

### NINTH AFFIRMATIVE DEFENSE

53. The claims of the Plaintiff are barred, in whole or in part, by reason that, to the extent that it received any Fraudulent Transfers, the Defendant was at all times a good faith transferee for reasonably equivalent value pursuant to 11 U.S.C § 548(c).

### TENTH AFFIRMATIVE DEFENSE

54. The Plaintiff is barred from recovering to the extent that the transferee or obligee of such a transfer or obligation that takes for value and in good faith has a lien on or may retain any interest transferred or may enforce any obligation incurred, as the case may be, to the extent that such transferee or obligee gave value to the debtors in exchange for such transfer or obligation.

55. Pursuant to 11 U.S.C. 548(c) such Transfers are not avoidable by the Debtor and, consequently, the Defendant's claims may not be disallowed.

8

### ELEVENTH AFFIRMATIVE DEFENSE

56.     The claims of the Plaintiff are barred, in whole or in part, by reason that Defendant lacked actual knowledge of fraud, misappropriation or any other misconduct on the part of the Debtor and/or anyone acting by, through, for or against it.

### TWELFTH AFFIRMATIVE DEFENSE

57.     The claims of the Plaintiff are barred, in whole or in part, by reason that Plaintiff has failed to plead fraud on the part of Defendant with particularity as required by Fed. R. Civ. P. 9(b) and Fed. R. Bankr. P. 7009(b).

### THIRTEENTH AFFIRMATIVE DEFENSE

58.     The Plaintiff's Complaint contains claims which, pursuant to *Stern v. Marshall*, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011) reh'g denied, 132 S. Ct. 56, 180 L. Ed. 2d 924 (U.S. 2011), are claims which implicate only private rights. Consequently, the Bankruptcy Court has no authority to issue final judgments over those private rights claims without the consent of the Defendant.

59.     The Defendant reserves its right to a jury trial before the District Court, does not consent to a jury trial before the Bankruptcy Court and does not consent to the entry of final orders by the Bankruptcy Court.

### FOURTEENTH AFFIRMATIVE DEFENSE

60.     The Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during the discovery process in this action, and hereby reserves the right to amend their answer to assert any such defenses. The assertion of the

above defenses by Defendant is not intended and should not be deemed or construed to alter or shift any burden of proof Plaintiffs may have in connection with the claims asserted in the Complaint.

**JURY TRIAL IS DEMANDED AS TO ALL ALLEGATIONS, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS, IF ANY.**

Dated: May 1, 2018

        **Respectfully submitted,**

        **JONES & ASSOCIATES**
        By: */s/Roland Gary Jones*
        Roland Gary Jones , Esq.
        New York Bar No. RGJ-6902
        One Rockefeller Center 10th Floor
        New York, NY 10020
        Tel. (646) 964-6461
        Fax (212) 202-4416
        Email: rgj@rolandjones.com

        *Counsel for the Defendant*

To:

**COLE SCHOTZ P.C.**
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393
David R. Hurst
Daniel F.X. Geoghan
*Counsels for the Plaintiff*